UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN C.,

                        Plaintiff,

           v.

KILOLO KIJAKAZI,[1] Commissioner of
  Social Security,

                     Defendant.
_____

**DECISION
and
ORDER**

**20-CV-296F**
(**consent**)

APPEARANCES:       LAW OFFICES OF KENNETH R. HILLER
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             JEANNE ELIZABETH MURRAY, of Counsel
                             6000 North Bailey Avenue
                             Suite 1A
                             Amherst, New York  14226

                             TRINI E. ROSS
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                     and
                             ROBERTA G. BOWIE
                             Special Assistant United States Attorney, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             6401 Security Boulevard
                             Baltimore, Maryland  21235

## **JURISDICTION**

On April 6, 2021, the parties to this action consented pursuant to 28 U.S.C.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

§ 636(c) to proceed before the undersigned.  (Dkt. 22).  The matter is presently before

the court on Plaintiff's counsel's motion for approval of attorney fees under 42 U.S.C.

§ 406(b), filed October 6, 2022 (Dkt. 29) ("Fee Petition").


## BACKGROUND

Plaintiff commenced this action on March 11, 2020, pursuant to Title II of the

Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the

Commissioner of Social Security's final decision upon remand from the Appeals Council

denying Plaintiff's application filed with the Social Security Administration ("SSA"), on

December 27, 2016 ("benefits application date"), for Social Security Disability Insurance

under Title II of the Act ("disability benefits" or "SSDI").  Opposing motions for judgment

on the pleadings were filed by Plaintiff on November 30, 2020 (Dkt.17), and by

Defendant on March 1, 2021 (Dkt. 20), and in a Decision and Order filed April 20, 2021

(Dkt. 23) ("D&O"), judgment on the pleadings was granted by the undersigned in favor

of Plaintiff, based on a disability onset date of August 31, 2013, such that Plaintiff was

entitled to SSDI, with the matter remanded to the Commissioner for calculation of

benefits.

On August 4, 2021, Plaintiff's counsel applied for attorney's fees under the Equal

Access to Justice Act ("EAJA") ("EAJA fees") (Dkt. 25), with both Plaintiff and Defendant

stipulating on August 4, 2021 to award EAJA fees in the amount of $ 7,921.29, (Dkt. 27)

("stipulation"), and the stipulation was approved in a Text Order entered that same day

(Dkt. 28).  On September 2, 2021, the EAJA fees were received by Plaintiff from

Defendant.

It is undisputed that Plaintiff has a minor child who is entitled to child auxiliary benefits ("auxiliary benefits") beginning six months prior to the benefits application date, *i.e.*, June 2016.  On July 10, 2022, however, the SSA issued a Notice of Award for Child Auxiliary benefits for Plaintiff's minor child (Dkt. 29-5), stating the auxiliary benefits were payable beginning April 2019 and without any past benefits due.  By letter dated July 21, 2022 (Dkt. 29-6), Plaintiff's counsel challenged as erroneous both the April 2019 auxiliary benefits payment date as well as the SSA's determination that no past auxiliary benefits were due and, thus, no funds could be withheld for payment of attorney fees. Communications continued between Plaintiff's counsel and the SSA regarding the errors with the auxiliary benefits calculation and by letter dated September 13, 2022 (Dkt. 29-4), the SSA issued a Notice of Change in Benefits letter showing the errors in calculating both the start date and the past due benefits for the auxiliary benefits were corrected and that past due auxiliary benefits in the amount of $ 27,421.32 were due.

On September 18, 2022, the SSA issued a Notice of Award on Plaintiff's disability benefits application. (Dkt. 29-3).  Based on Plaintiff's filing of his benefits application date of December 27, 2016, Plaintiff was awarded past due disability benefits beginning one year prior to the benefits application date, *i.e.*, December 2015. Plaintiff's past due benefits totaled $ 109,432 of which 25% or $ 27,358 were withheld for payment of attorney's fees.

On October 5, 2022, Plaintiff filed the instant Fee Petition (Dkt. 29) ("Fee Petition") pursuant to 42 U.S.C.§ 406(b) ("§ 406(b)"), seeking $ 34,213.33 in attorney fees based on 37.8 hours of work, and indicating the EAJA fees were received and would be refunded to Plaintiff upon an award of attorney fees pursuant to § 406(b).

Plaintiff's Memorandum (Dkt. 29-1) at 3.  In response to the Fee Petition, the

Commissioner asks the court to determine the timeliness of the Fee Petition,

Defendant's Response (Dkt. 25) at 2-3, that the court order Plaintiff's attorney return the

EAJA fee if received, *id*. at 3, as well as the reasonableness of the fee request, *id*. at 4-

6, but does not otherwise oppose the Fee Petition.  Plaintiff did not file any further reply.


### DISCUSSION

**1.   Attorney Fees**

Plaintiff maintains he is entitled to past due disability and auxiliary benefits

totaling $ 136,853.32, of which 25%, or $ 34,213.33, is requested for payment of

attorney fees.  Plaintiff's Memorandum at 3.  As relevant to the instant motion, the Act

provides

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406(b) __").

The 25% is calculated based on both past due disability benefits awarded to the

plaintiff, as well as any past due auxiliary benefits awarded for family members, *see*

*Joel Paul C. v. Commissioner of Social Security*, 2022 WL 11261662, at * 2 (W.D.N.Y.

Oct. 19, 2023) (citing *Hopkins v. Cohen*, 390 U.S. 530, 534-35 (1968) (25% cap on fees

is calculated based on past due benefits awarded to plaintiff and family members), and

Defendant does not argue otherwise.

2.      **Timeliness of Fee Petition**

Preliminarily, the court considers whether Plaintiff's Fee Petition was timely filed. As relevant, Fed.R.Civ.P. 54(d)(2) ("Rule 54__") requires a written motion for attorney fees must "be filed no later than 14 days after the entry of judgment. . . ."  Fed.R.Civ.P. 54(d)(2)(B)(i).  A motion pursuant to § 406(b), however, must await the Commissioner's award of benefits and the 14-day deadline for filing the request is tolled until notice of the benefits award is received.  *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019) (a motion for attorney fee award pursuant to § 406(b) is subject to the filing deadline established by Rule 54(d)(2)(B), measured by the entry of judgment).  Where, however, there are multiple notices of benefits awarded including, as here, to Plaintiff for disability benefits and to Plaintiff's minor child for auxiliary benefits, the 14-day deadline is extended until counsel has received all necessary documentation to determine the maximum allowable attorney fees.  *See Randolph A. v. Comm'r of Soc. Sec.*, 2022 WL 17128636, at * 2 (W.D.N.Y. Nov. 22, 2022) (measuring deadline for filing motion for attorney fees from notice awarding child auxiliary benefits, received after the plaintiff received notice calculating past due disability benefits, because the auxiliary benefits notice "completed Plaintiff's back benefits and thus is appropriate to measure when a 406(b) Motion would be due.").

In the instant case, the Notice of Change in Benefits correcting the amount of past-due auxiliary benefits due is dated September 13, 2022, while the Notice of Award of Plaintiff's disability benefits is dated September 18, 2022.  Accordingly, the timeliness of Plaintiff's Fee Petition is measured from September 18, 2022, *i.e.*, the latest date of the necessary documentation to determine the maximum attorney fees § 406(b) allows.

*Randolph A.*, 2022 WL 17128636, at * 2.  Allowing for three days for mailing provided by Fed.R.Civ.P. 6(d) ("Rule 6(d)"), *see Webster v. Colvin*, 2020 WL 356635, at *2 (W.D.N.Y. July 1, 2020) (extending Rule 54(d)(2)(b)'s 14-day deadline by three days to allow for mailing pursuant to Rule 6(d)), the deadline for Plaintiff to file for attorney fees was October 5, 2022, the date on which the instant Fee Petition was filed which, therefore, is timely.

Having established the Fee Petition is timely filed, the court turns to whether the requested fees are reasonable.

### 3.    Reasonableness of Fee Request

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[2] providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406(b) if Plaintiff's disability benefits application required litigation in federal court.  Where, as here, there exists an attorney-client contingent fee agreement, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases."  *Id*.  Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in the interest in assuring that

---

[2] A copy of the Fee Agreement is filed as Dkt. 29-7.

attorneys continue to represent clients such as Plaintiff.  *Gisbrecht*, 535 U.S. at 805.

Nevertheless, contingent fee agreements "are unenforceable to the extent that they

provide for fees exceeding 25 percent of the past-due benefits."  *Id*.  As such, "[w]ithin

the 25 percent boundary . . . the attorney for the successful claimant must show that the

fee sought is reasonable for the services rendered."  *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered

in determining whether to approve the full amount of attorney fees requested under a

contingent fee agreement, including (1) whether the requested fee is within the 25%

statutory cap; (2) whether there was any fraud or overreaching in making the contingent

fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the

attorney if approved.  *Wells*, 907 F.2d at 372.  The court is also required to assess

whether the requested fee is inconsistent with the character of the legal representation

and the results achieved by legal counsel, as well as whether counsel effected any

unreasonable delay in the proceedings to increase the retroactive benefits and,

consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456

(W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, the Commissioner does not

specifically challenge the amount of the attorney fees requested in the Fee Petition but

merely requests the court review the reasonableness of the requested fees.  Dkt. 32 at

4-6.  Further, the amount of attorney fees requested does not exceed the statutorily

permitted 25% of the retroactive disability and auxiliary benefits and nothing in the

record suggests there was any fraud or overreaching in making the contingent fee

agreement.  Accordingly, the court limits its review to whether the amount of fees

requested in the Fee Petition is reasonable or would be a windfall to counsel.

Plaintiff's counsel requests as attorney fees $ 34,213.33 which is equal to the statutory cap based on the $ 136,853.32 combined retroactive disability and auxiliary benefits awarded to Plaintiff and Plaintiff's minor child.  Dividing the requested fee of $ 34,213.33 by the 37.8 hours Plaintiff's counsel claims to have expended on this matter, Dkt. 29-8 ¶ 3, results in an hourly rate of $ 905.11.  When analyzing whether a fee award is reasonable or amounts to a windfall to the attorney, courts consider whether (1) the attorney's efforts were particularly successful, (2) the attorney expended effort through pleadings that were not boilerplate and arguments requiring research and issues of material fact, and (3) the attorney, based on his experience litigating Social Security matters, handled the case with efficiency.  *McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2 (W.D.N.Y. Mar. 27, 2019) (citing *Wargo v. Colvin*, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016)).

In the instant case, it cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand. Plaintiff's counsel asserts she expended a total of 37.8 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record, preparing and filing the complaint and filing certificate of service, researching, drafting, reviewing and filing the motion for judgment on the pleadings, which included a memorandum of law in support of Plaintiff's claim, preparation of a reply, and preparing and filing the EAJA motion.  Dkt. 29-8 ¶¶ 3.  Given the amount and type of work required in this action, this hourly rate of $ 905.11 would be consistent with fees

awarded in similar cases. *See*, *e.g.*, *McDonald*, 2019 WL 1375084, at * 2-3 (approving

attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of

$ 1,051.64); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving

attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $

891.61).

Further, although Defendant notes several cases where courts have reduced

fees approaching $ 1,000 per hour, the reduction was attributed to the modest amount

of work performed on the case. *See*, *e.g.*, *Mitchell v. Astrue*, 2019 WL 1895060, at * 5

(E.D.N.Y. Apr. 29, 2019) (awarding attorney fees at $ 500 hourly rate where the

plaintiff's attorney expended only 1.6 hours on the case before the Commissioner

agreed to remand); and *Devenish v. Astrue*, 85 F.Supp.3d 634, 638 (E.D.N.Y. 2015)

(awarding § 406(b) fees in amount reflecting hourly rate reduced to $ 350 from $ 1,000

where plaintiff's attorney never prepared any memorandum of law nor advanced any

legal arguments because the matter was remanded to the SSA by stipulation). In

contrast, here, the record shows the Plaintiff's counsel reviewed the entire record and

prepared the necessary pleadings, motions, and memoranda of law.

In these circumstances, the court finds the hourly rate of $ 905.115 is not

unreasonable, such that the requested fees of $ 34,213.33 for 37.8 hours of work also is

not unreasonable.[3]

---

[3] The court notes Plaintiff also argues that although her regular hourly rate is $ 350, because the success rate for Social Security appeals is only 34.32%, a "multiplier" of 2.58 would be required to achieve the standard $ 350 hourly rate, *i.e.*, $ 350 X 2.58 = $ 905.11, and that such multiplier "is well within the range of multipliers routinely allowed by Courts in this district." Plaintiff's Memorandum at 8. Because Defendant does not specifically object to the hourly rate of $ 905.11, and in the absence of any caselaw supporting the notion of a multiplier, the court does not address this alternative argument. *See Randolph A.*, 2022 WL 17128636, at * 3 (refraining from considering the reasonableness of the plaintiff's fee request based on the use of a multiplier for contingency fee cases where the Defendant did not contest

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Fee Petition seeking attorney fees pursuant to

§ 406(b) (Dkt. 29) is GRANTED; Plaintiff's counsel is awarded $ 34,213.33 in fees to be

paid from the funds withheld from Plaintiff's retroactive benefits award.  Plaintiff's

counsel is directed to remit to Plaintiff the $ 7,921.29 received for the EAJA fee award.

SO ORDERED.


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      December 22, 2022
            Buffalo, New York

---

the hourly rate of $ 876 calculated by dividing the 25% retroactive benefits withheld by the SSA by the
total hours counsel expended on the case).